IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.            ) | Crim. Action No. 09-0337 |
| ) | |
| SHAWREED J. FITZGERALD,   ) | |
| ) | |
| Defendant.   ) | |

## MEMORANDUM OPINION

Defendant has two prior adult criminal convictions: one for sexual assault pursuant to 18 Pa.C.S. § 3124.1 and one for indecent assault pursuant to 18 Pa.C.S. § 3126(a)(7). He was sentenced, on the same day, to 1 year less 1 day to 2 years less 2 days imprisonment, followed by 5 years of probation for both crimes. He served the minimum sentence and was paroled on January 8, 2009. He was arrested for the instant offense less than a year later, on December 2, 2009. In order to properly assign criminal history points and determine the appropriate base offense level, we must decide whether either, or both, of these prior convictions were for "crimes of violence" under the residual clause of § 4B1.2(a)(2).

Section 4B1.2(a) defines a "crime of violence" as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that: (1) has as an element the use, attempted use, or threatened use of physical force against

the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). Because neither of defendant's prior convictions required the use, attempted use, or threatened use of physical force, nor were for burglary, arson, extortion, or the use of explosives, we must determine whether sexual assault or indecent assault fall within the "residual clause" of § 4B1.2(a). Notably, the commentary to section 4B1.2 states that the definition of "crime of violence" includes, among other listed examples, "forcible sex offenses".

In Begay v. United States, 553 U.S. 137 (2008), the Supreme Court interpreted a virtually identical residual provision in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). There, the Court found that the list of examples in the residual provision, i.e., burglary, arson, extortion, and use of explosives, indicated that "the statute covers only similar crimes, rather than every crime that 'presents a serious risk of physical injury to another.'" 553 U.S. at 142 (citing 18 U.S.C. § 924(e)(2)(B)(ii)). The Court further concluded that crimes are similar to the enumerated examples if they involve "purposeful, violent, and aggressive conduct." Id. at 144-45 (internal quotation marks omitted). The Court of Appeals for

2

the Third Circuit has applied Begay's analysis to the definition of "crime of violence" under § 4B1.2(a)(2) and has held that a prior conviction falls within the residual clause if it presents a serious potential risk of physical injury and it typically involves purposeful, violent, and aggressive conduct. United States v. Stinson, 592 F.3d 460, 465 (3d Cir. 2010); United States v. Johnson, 587 F.3d 203, 207-208 (3d Cir. 2009).

In order to determine whether a crime qualifies as a crime of violence, we are directed to apply a categorical approach by asking "whether the elements of the offense are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of this particular offender." Johnson, 587 F.3d at 208 (citing James v. United States, 550 U.S. 192, 202 (2007)). In other words, the prior conviction must be considered in terms of whether the charged crime as defined by statute is violent, without regard to whether the prior conduct of this particular defendant was violent. Chambers v. United States, 129 S.Ct. 687, 690 (2009).

However, there is an exception to this general categorical approach, which applies when the language or disjunctive nature of a criminal statute encompasses both violent and non-violent conduct, thus, "invit[ing] inquiry into the underlying facts of the case". United States v. Siegel, 477 F.3d 87, 90-91 (3d Cir.

3

2007). Under what is called the modified categorical approach, a court is permitted to look beyond the statutory elements of the crime, and consider the facts of a particular case to the extent they are found in the charging document, the plea agreement, or the transcript of the plea colloquy. Shepard v. United States, 544 U.S. 13, 26 (2005).

Here, defendant was convicted under 18 Pa.C.S. § 3124.1 for sexual assault. That statute provides that "[e]xcept as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." Defendant was also convicted under 18 Pa.C.S. § 3126(a)(7) for indecent assault. That statute provides that "[a] person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and…the complainant is less than 13 years of age." Section 3101 defines "indecent contact" as "any touching of the sexual or other intimate parts of the person for the purpose of arousing or

4

gratifying sexual desire, in either person." 18 Pa.C.S. § 3101. We will consider each conviction separately below, but conclude that both qualify as crimes of violence under § 4B1.2(a)(2).

We conclude that defendant's conviction for sexual assault under 18 Pa.C.S. § 3124.1 is a crime of violence. This Pennsylvania statute makes engaging in sexual intercourse without consent a crime. Although the statute excludes rape and involuntary deviant sexual intercourse, the crime nonetheless involves conduct that presents a serious potential risk of physical injury as it proscribes sexual intercourse that is not consented to. Engaging in sexual intercourse without consent involves a substantial risk that the perpetrator will use physical force against the victim, with whom he or she must be in very close physical contact, in order to overcome the victim's unwillingness to consent. See, United States v. Brown, 2010 WL 2976128, at *9 (W.D. Pa. July, 28, 2010).

Moreover, we conclude that the crime of sexual assault is "roughly similar, in kind, as well as degree of risk posed to the examples" listed in § 4B1.2(b) because it typically involves "purposeful, violent, and aggressive conduct." Begay, 553 U.S. at 144-46. Engaging in sexual intercourse, without consent, must be a purposeful act. Furthermore, by virtue of being non-consensual, the sex act inherently involves aggressive and

5

violent conduct of some nature. See e.g., United States v. Rooks, 556 F.3d 1145 (10th Cir. 2009). As such, defendant's prior conviction for sexual assault is for a crime of violence.

Although we do not find it necessary to apply the modified categorical approach given that lack of consent is an element of the crime of sexual assault in Pennsylvania, to the extent the statute can be deemed to encompass behavior that is non-violent, as well as violent, we would reach the same conclusion under the modified categorical approach. According to the plea colloquy, on more than one occasion, defendant engaged in sex acts with his cousin, who at the time was 10 to 13 years old. During one incident, after the victim refused to consent, defendant pushed her down over a bed, face first, pulled down her pants and inserted his penis into her anus. The criminal information charges defendant with engaging in sexual intercourse "by forcible compulsion or by threat of forcible compulsion." Upon consideration of the facts particular to defendant's commission of sexual assault, there is no dispute that the conduct presented a serious risk of physical injury to the child victim and involved purposeful, violent, and aggressive conduct. As such, defendant's prior conviction for sexual assault qualifies as a crime of violence under § 4B1.2(a)(2).

violent conduct of some nature. See e.g., United States v. Rooks, 556 F.3d 1145 (10th Cir. 2009). As such, defendant's prior conviction for sexual assault is for a crime of violence.

Although we do not find it necessary to apply the modified categorical approach given that lack of consent is an element of the crime of sexual assault in Pennsylvania, to the extent the statute can be deemed to encompass behavior that is non-violent, as well as violent, we would reach the same conclusion under the modified categorical approach. According to the plea colloquy, on more than one occasion, defendant engaged in sex acts with his cousin, who at the time was 10 to 13 years old. During one incident, after the victim refused to consent, defendant pushed her down over a bed, face first, pulled down her pants and inserted his penis into her anus. The criminal information charges defendant with engaging in sexual intercourse "by forcible compulsion or by threat of forcible compulsion." Upon consideration of the facts particular to defendant's commission of sexual assault, there is no dispute that the conduct presented a serious risk of physical injury to the child victim and involved purposeful, violent, and aggressive conduct. As such, defendant's prior conviction for sexual assault qualifies as a crime of violence under § 4B1.2(a)(2).

Defendant's conviction for indecent assault under 18 Pa.C.S. § 3126(a)(7) is also a crime of violence. This Pennsylvania statute makes the touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire in either person where the victim is less than 13 years of age a crime. The statute is akin to statutory rape statutes, and criminalizes any such contact of or by a child 12 years old or younger, whether "consensual" or not, and regardless of the age of the perpetrator. Although there is a split among the courts of appeal, several courts of appeal have deemed statutory rape statutes to be crimes of violence. United States v. Rondon-Herrera, 666 F.Supp.2d 468, 472 (E.D. Pa. 2009) (citing cases finding that statutory rape is a crime of violence); compare United States v. McDonald, 592 F.3d 808, 814-15 (7th Cir. 2010) (discussing cases finding that statutory rape is not a crime of violence).

Those cases that deem statutory rape to be a crime of violence apply the categorical approach and conclude that sexual contact between an adult or older teenager and a child inherently carries a substantial risk that physical force will be used to coerce compliance and that physical injury will occur and involves purposeful, violent and aggressive behavior. Rondon-Herrera, 666 F.Supp.2d at 472. We agree that under the

7

categorical approach sexual touching of or by a child 12 years old, or younger, is a crime of violence because it inherently involves conduct that presents a serious potential risk of physical injury and typically involves "purposeful, violent, and aggressive conduct" as a child under the age of 13 has little or no ability to consent to such sexual activity or to resist it. United States v. Daye, 571 F.3d 225, 234 (2nd Cir. 2009).

However, we acknowledge that the statute, on its face, does not require physical compulsion, or even non-consent, and does not require any minimum age difference between the perpetrator and victim. As such, the statute could criminalize forced sexual contact between a 40 year old and a 9 year old child, as well as consensual sexual contact between a 12 year old and a 15 year old. See Rondon-Herrera, 666 F.Supp.2d at 473-74 (citing Siegel, 477 F.3d at 92). Therefore, we must apply the modified categorical approach.

Again, the plea colloquy indicates that defendant, who was under the age of 18 at the time, physically moved the victim who was under the age of 13, by the arm to a bed, pulled down her underwear and inserted his penis into her vagina, stopping only when the victim told him that it hurt. The victim did not report the incident until her cousin, the victim in the sexual assault case discussed above, confided in her that defendant had

8

sexually assaulted her. Even though there was not a drastic difference in age at the time of the assault, this was not a consensual sex act. As such, under the modified categorical approach, we conclude that this particular indecent assault was a crime of violence as it presented a substantial risk of physical injury to the young victim and involved purposeful, violent, and aggressive behavior.

Our conclusion that both prior convictions were for crimes of violence affects both defendant's total offense level and the number of criminal history points assigned, although not his ultimate criminal history category.

Because both of defendant's prior convictions are crimes of violence, defendant's base offense level is 20 under 2K2.1(a)(4)(A). After accounting for defendant's acceptance of responsibility, defendant's adjusted base offense level is 17. We note that had defendant not been sentenced for both prior crimes on the same day, his base offense level would be 24 pursuant to § 2K2.1(a)(2); § 4A1.2(a)(2).

In addition, because both prior convictions have been deemed crimes of violence, we assess 3 criminal history points under § 4A1.1(a) (for a prior sentence of imprisonment exceeding one year and one month), and 1 criminal history point under § 4A1.1(f) (for a prior sentence resulting from a conviction for a

crime of violence). Finally, we assign 2 criminal history points under § 4A1.1(d) because defendant was on probation at the time he committed the instant offense. Because both prior convictions are for crimes of violence, it is irrelevant which prior conviction is assigned 3 points under §4 A1.1(a) and which prior conviction is assigned 1 point under § 4A.1(f).

In the event that one of the prior convictions were deemed not to be a crime of violence we note that neither defendant's total offense level, nor his criminal history category would change. While he would be assigned 5 criminal history points, instead of 6, he would nonetheless remain a category III offender. And while the three § 4A1.1(a) points may need to be moved from the indecent assault conviction set forth in paragraph 31 to the sexual assault conviction set forth in paragraph 32 in order to comply with application note 10 to § 2K2.1(a)(4)(A), his total offense level would remain 20.

BY THE COURT,

/s/ J. R. Trancart, C.J.

11/5/10